IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEINO S. CHRICHLOW, | § | |
| | § | No. 101, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0611011396 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 15, 2021
Decided: July 21, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Keino S. Chrichlow, filed this appeal from the Superior Court's denial of his motion for sentence modification. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Chrichlow's opening brief that his appeal is without merit. We agree and affirm.

(2) In June 2007, a Superior Court jury found Chrichlow guilty of multiple crimes including first-degree robbery, possession of a firearm during the commission of felony, and second-degree conspiracy. The Superior Court sentenced

Chrichlow to twenty-one years of non-suspended, Level V incarceration. Chrichlow subsequently filed several unsuccessful motions for sentence modification in the Superior Court.

(3) In December 2020, Chrichlow filed a motion for sentence modification based on his risk of exposure to COVID-19 while in prison and receiving chemotherapy. The Superior Court denied the motion, concluding that it was procedurally barred under Rule 35(b) and that Chrichlow failed to establish the necessary standing for an Eighth Amendment claim. This appeal followed.

(4) We review the Superior Court's denial of a motion for sentence modification for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] In his opening brief, Chrichlow argues that the Superior Court erred by treating the motion as if it was filed under Superior Court Criminal Rule 35(b) instead of the Eighth Amendment of the United States Constitution and 11 *Del. C.* §§ 4221, 4301. He also contends that the Superior Court should not have denied the motion in a "check off box form" without first obtaining the State's response.[3] These arguments are without merit.

(5) Chrichlow's motion specifically sought modification or reduction of his sentence. As this Court has previously observed, "[t]here is no separate procedure,

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[2] *Id.*
[3] Opening Brief at 7.

2

other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."[4] The Superior Court did not err therefore in considering Chrichlow's motion under Rule 35(b). In addition, Chrichlow's Eighth Amendment claim depends upon cases relating to the civil liability of prison officials, not the reduction of prisoners' sentences.[5] As to §§ 4221 and 4301, Chrichlow did not invoke § 4221 below[6] or show how § 4301 entitled him to reduction of his sentence.[7]

(6) Under Rule 35(b), the Superior Court will consider a motion for sentence reduction made more than ninety days after the imposition of sentence only in "extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[8] Section 4217 permits sentence modification if DOC files an application for good cause shown (such as serious medical illness) and certifies that the offender does not constitute a

---

[4] *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003).

[5] *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (U.S. 1994) (holding "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). *See also White v. State*, 2021 WL 1828069, at *1 (Del. May 6, 2021) (affirming the Superior Court's denial of a motion for sentence modification where the defendant relied on cases on involving the civil liability of prison officials to argue that his risk of contracting COVID-19 implicated the Eighth Amendment).

[6] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."). In any event, there is no sign that Chrichlow could satisfy the requirements of § 4221, which applies to minimum sentences of one year or less.

[7] 11 *Del. C.* § 4301 ("This chapter shall be construed to the end that the treatment of persons convicted of crime shall take into consideration their individual characteristics, circumstances, needs and potentialities as revealed by a case study, and that whenever it appears desirable in the light of the needs of public safety and their own welfare, such person shall be dealt with, at restricted liberty in the community, by a uniformly organized system of constructive rehabilitation, under probation or parole supervision instead of in a correctional institution.").

[8] Super. Ct. Crim. R. 35(b).

3

substantial risk to the community or himself. The Superior Court will not consider repetitive motions for sentence reduction.[9]

(7) The Superior Court did not err in denying Chrichlow's motion under Rule 35(b). Chrichlow filed his motion more than ninety days after imposition of sentence. The motion was also repetitive.

(8) Chrichlow's fear of exposure to COVID-19 and completion of rehabilitation programs did not constitute extraordinary circumstances.[10] An application under § 4217 is the proper vehicle for Chrichlow's claims that his cancer treatment and potential exposure to COVID-19 warrants reduction of his sentence.[11] Contrary to Chrichlow's contentions, the Superior Court denied his motion in a multi-page, written order explaining the reasons for the court's ruling. The Superior Court was not required to request a response from the State before deciding Chrichlow's motion.[12]

---

[9] *Id.*

[10] *See, e.g., Williams v. State*, 2020 WL 7311325, at *1 (Del. Dec. 10, 2020) (affirming the denial of motion for sentence modification that was based on a "general concern that the Department of Correction . . . was unable to contain the spread of COVID-19 in the prison population").

[11] *See, e.g., Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020) (recognizing that § 4217 was the proper vehicle for the appellant's claims that his medical conditions and potential exposure to COVID-19 warranted sentence reduction).

[12] Super. Ct. Crim R. 35(b) ("A motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court."). *See also Melvin v. State*, 2021 WL 2701748, at *1 (Del. June 29, 2021) (rejecting the defendant's argument that the Superior Court could not deny his Rule 35(b) motion without first requesting the State to address the motion).

4

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice

5